**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 08-4597**

————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

KENNETH RAY JOHNSON,

                Defendant - Appellant.

————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Leonie M. Brinkema,
District Judge.  (1:07-cr-00316-LMB-1)

————————

Submitted:  May 27, 2009            Decided:  June 19, 2009

————————

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria,
Virginia, for Appellant.  Dana J. Boente, Acting United States
Attorney, Morris R. Parker, Jr., Aaron M. Zebley, Assistant
United States Attorneys, Alexandria, Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Ray Johnson pled guilty to two counts of using a firearm during the commission of a crime of violence, 18 U.S.C. § 924(c) (2006). He was sentenced to eighty-four months in prison for the first offense and received a consecutive 300-month sentence for the second offense. Johnson now appeals, claiming that the district court abused its discretion when, following a hearing at which Johnson and one of his defense attorneys testified, it denied his motion to withdraw his guilty plea. We affirm.

Withdrawal of a guilty plea is not a matter of right. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The defendant bears the burden of showing a "fair and just reason" for requesting the withdrawal of his plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding "raise[s] a strong presumption that the plea is final and binding." Id.

We have identified six factors to be considered when deciding whether to grant a motion to withdraw a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly

2

asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Ubakanma, 215 F.3d at 424 (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)) (footnote omitted). The first, second, and fourth factors carry the most weight because they relate to whether the defendant "has a fair and just reason to upset settled systemic expectations by withdrawing [his] plea." United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995). To establish that counsel's ineffective assistance constitutes a fair and just reason to withdraw a guilty plea, the defendant must show: "(1) that his counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced in the sense that there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Lambey, 974 F.2d at 1394 (internal quotation marks omitted).

We conclude that the district court's denial of Johnson's motion was not an abuse of discretion. See United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007) (stating standard of review). Because the district court properly conducted the Fed. R. Crim. P. 11 colloquy, we presume that

3

Johnson's plea was final and binding.  See Lambey, 974 F.2d at 1394.

The district court appropriately considered the six factors identified above and correctly determined that they weighed against Johnson.  In this regard, Johnson failed to present credible evidence that his plea was unknowing or involuntary.  Johnson represented to the court at his plea colloquy that he was pleading guilty with a full understanding of the nature and consequences of the plea, and that the plea was not induced by any "side deals," threats, or coercion. He acknowledged at the colloquy that he understood the immunity provision in the plea agreement. Further, according to his attorney, whose testimony at the motion hearing was credited over that of Johnson, Johnson decided to plead guilty upon learning that his co-defendant had pled guilty and had agreed to testify against Johnson at trial.  Had Johnson gone to trial, he very likely would have been convicted on more than the two counts to which he pled guilty, and therefore would have been subject to a significantly longer sentence.

Nothing in the record in any way points to Johnson's legal innocence.  We note in particular Johnson's admission of guilt, the statement of facts that was incorporated into the plea agreement, and his answers to the court's questions at the Rule 11 proceeding about the specifics of the offenses.

4

Testimony at the motion hearing clearly demonstrates that Johnson had the close assistance of counsel, with whom he met on many occasions. The remaining three factors also weigh against Johnson. He filed his pro se motion to withdraw his plea approximately two months after he entered the plea. Permitting him to withdraw the plea would prejudice the United States, which would have to reassemble witnesses and evidence, and inconvenience the district court.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED